# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CASE NO.: 1:22-CR-00323-001** |
| **Plaintiff,** | |
| ~ vs ~ | **JUDGE DAVID A. RUIZ** |
| **JOHN PELTON** | |
| **Defendant.** | **DEFENDANT'S SENTENCING MEMORANDUM** |

Now comes the Defendant, John Pelton, by and through the undersigned counsel, and hereby submits the attached Sentencing Memorandum, incorporated by reference herein. Defendant requests a community control sentence in this matter. The reasons and legal support for this request are set forth in the Memorandum attached hereto.

    Respectfully submitted,

    /s/ *Michael J. Goldberg*
    Michael J. Goldberg (0040839)
    The Goldberg Law Firm, LLC
    323 Lakeside Avenue, Suite 450
    Cleveland, OH 44113
    Tel: 216-696-4514
    Fax: 216-781-6242
    goldberg@goldberg-lawfirm.com
    *Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of December, 2022, a true and correct copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Michael J. Goldberg*
Michael J. Goldberg (0040839)

**MEMORANDUM**

**I.     Statement of the Case**

On June 23, 2022, Defendant, John Pelton, was named in a two-count information, charging him with: **Count 1:** Attempt to Access a Protected Computer and Obtain Information in violation of 18 U.S.C. § 1030(a)(2)(C), and **Count 2**: Materially False Statement to Department of the United States in violation of 18 U.S.C. § 1001. On August 10, 2022, Mr. Pelton pled guilty to the information pursuant to a written plea agreement under Fed. R. Crim. Pro. 11(c)(1)(B). This Court accepted his guilty plea and ordered the preparation of a pre-sentence investigation report (PSIR). This matter is currently set for sentencing on November 16, 2022.

**II.    Law and Argument**

**a.     PSIR Guideline Calculations**

**Base Offense Level:** 6
U.S.S.G. § 2B1.1(a)

**Specific Offense Characteristics:**

    **System Operates Critical Infrastructure:** +2
    U.S.S.G. § 2B1.1(b)(19)(A)(i)

    **Obstruction of Justice:** +2
    U.S.S.G. § 3C1.1

**Acceptance of Responsibility:** -2
U.S.S.G. 3E1.1

**Total Offense Level: 8**

**Criminal History Category: I**

**Guideline Range:** 0-6 Months
U.S.S.G. § 5A

b.  **Sentencing Considerations**

18 U.S.C. § 3553(a) sets forth factors that district courts must consider at sentencing:

1. The nature and circumstances of the offense and the history and characteristics of the Defendant;

2. The need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law; and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from future crimes of the Defendant; and (D) to provide the Defendant with needed education or vocational training; medical care or other correctional treatment in the most effective manner;

3. The kinds of sentences available;

4. The advisory guideline range;

5. Any pertinent policy statements issued by the Sentencing Commission;

6. The need to avoid unwarranted sentence disparities;

7. The need to provide restitution to any victims of the offense.

In this case, these factors are mitigating and support imposition of a community control sanction.

i.  **Defendant's History and Characteristics**

Mr. Pelton was born On July 23, 1967, in Okinawa Japan, where his father was stationed in the United States Air Force. When he was one and a half years old, Mr. Pelton moved with his family to the Untied States. He lived in several different cities during his childhood, including Topeka, Kansas, and St. Louis, Missouri. Mr. Pelton's parents divorced when he was thirteen years old. After the divorce, he lived with his mother. His mother experienced financial difficulty after the divorce, as his father often struggled to pay child support and alimony. Defendant has been married since 2007. A previous marriage from 2002 ended in divorce in 2004.

Defendant graduated from high school in 1985. He received an associate of science degree in 1997, and a bachelor's degree in management in 2011. Defendant served in the U.S. Navy from 1990 to 1996. He received several medals for his service, including the National Defense Service Medal. He is currently employed as a truck driver with Nussbaum Transportation. He has also previously worked in steel mills and a nuclear power plant. Finally, Mr. Pelton's only criminal record consists of two misdemeanor convictions which both occurred over twenty years ago.

ii. **Defendant's Conduct in this Case**

Defendant's conduct in this case involved installing keyloggers on two computers owned by his employer, Cleveland Public Power, and subsequently denying knowledge of the keyloggers to FBI agents. His goal in doing this was to access a specific spreadsheet which would allow him to perform his job more efficiently. His conduct did not cause harm to any person or property and did not affect Cleveland Public Power's operations in any way. Nor did he access any kind of sensitive personal information.

Defendant's offense level is elevated two points under U.S.S.G. § 3C1.1 for obstruction of justice, based on false, unsworn statements he made to FBI agents during an interview at his residence. As the application note to § 3C1.1 explains, the conduct that this enhancement applies to can vary widely in seriousness. Examples of conduct that the enhancement may apply to include threatening or intimidating a witness or juror, destroying or concealing material evidence, and escaping from custody before trial or sentence. Mr. Pelton's conduct, by contrast, is among the least serious conduct that the enhancement could be applied to.

Mr. Pelton's offense does not require a sentence of imprisonment. Given his lack of a significant criminal record, the lack of any harm caused by his offense, and given that his offense

level is elevated by two for some of the least serious conduct that can be punished as obstruction of justice, Mr. Pelton submits that a non-custodial, community control sanction is appropriate in this case.

### III.     Conclusion

For the foregoing reasons, Defendant requests that this Court sentence him to a term of community control with whatever conditions the Court finds reasonable.

>                          Respectfully submitted,
>
>                          /s/ *Michael J. Goldberg*
>                          Michael J. Goldberg (0040839)
>                          *Attorney for Defendant*